# EXHIBIT H

UNITED STATES DEPARTMENT OF COMMERCE
National Oceanic and Atmospheric Administration
OFFICE OF ACQUISITION AND GRANTS
Mountain Region Acquisition Division
325 Broadway, MC3
Boulder, Colorado 80305-3328

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED – AND VIA FAX**

September 7, 2007

Mr. Mark Baldwin, President
Baldwin Technologies, Inc.
4907 Niagara Road
College Park, MD 20740-1100

Subject: Notice of Termination For Cause
Delivery Orders RA1341-04-4B-0678 and RA1341-06-NC-0649
Against GSA Schedule Contract GS07F0718N
Contracting Officer's Final Decision

Dear Mr. Baldwin:

On August 22, 2007, I issued you a Show Cause Notice indicating that unless you could present adequate reasons to justify performance delays, we will terminate the subject delivery orders for cause. Specifically, the reasons for the Show Cause Notice were your failure to pay your subcontractors and to make progress on the performance of the work.

On September 4, 2007, a FedEx Express packet was received from you containing your response, with numerous exhibits, in an attempt to explain why your delivery orders should not be terminated for cause. I have reviewed these documents and exhibits, along with the NIST project manager, and for the reasons stated below, find them to be inadequate justification for your failure to timely complete the project.

In regard to the performance issues, you now claim that the reason you did not show up for the energization testing is because the Government did not approve your test plans. However, at the time the test was scheduled, you informed the Government, by way of e-mail message the day before the test, that your team would not be at the job site because SatCon and CCG were not

available for the test (supposedly due to schedule conflicts, but presumably because you had not paid them). The Government's scope of work does not require an energization or site acceptance test plan. That requirement is included in your proposal, which contained the support documents from subcontractor CCG, promising to develop detailed commissioning plans and test scripts and procedures for testing the systems for operational verification. Neither your proposal to the Government nor the delivery orders require the Government to accept any plans. The only testing information that is required under the delivery orders is that of test reports, not plans (refer to Section entitled Administrative Requirements, paragraphs 1.03G.4. and 3.05a.3. and 4.) As a result, the reasons you did not test the system have nothing to do with the Government's acceptance, but rather was due to the fact you had no one available to perform the tests and you had not paid subcontractors past monies owed.

You also contend that you have been delayed because of your inability to obtain certain parts that are now on back order. Until receipt of your response to the Show Cause Notice, we were not aware of any delays due to parts on back-order. Even if you were experiencing delays, that does not explain your failure to perform during the last three months. Nor does this newly created excuse explain why you failed to meet the August 17, 2007 completion date. Furthermore, you have not met any completion date, either as proposed by you or as stated in the delivery orders. On August 20, 2007, after the last completion date was not met, you verbally offered an October 12, 2007 completion date that we rejected. While I'm not certain what date you are now proposing, it appears you are relying on SatCon's letter dated August 30, 2007 which estimated a completion date six weeks from November 6, 2007, which is even later than the already rejected date.

In addition to your responses to the Show Cause Notice, you indicated in response to the Cure Notice you would do certain things to correct problems. However, I note your proposed solutions to problems described in the Cure Notice were never carried through.

The Government acknowledges that your subcontractor did attempt to address the site condition issue, but I do note they did not completely clean up the job site as you promised. Please refer to the attached pictures taken today.

Pertaining to payment issues, your response to the Show Cause Notice indicates that you submitted a payment plan setting forth what would be paid to each subcontractor based on progress. What you sent to the Government on August 16, 2007, was five bullet points which could not be interpreted as a payment plan. I note that you indicate being committed to drawing down from your company line of credit, but to date, this vehicle has not been used to pay your subcontractors. The subcontractors should have been paid long ago since you submitted invoices for payment and received payment.

In any event, the Government has not received a payment plan which has been accepted by your subcontractors, nor evidence of payment of past monies due. Your subcontractors are no longer working on the site, though they did indicate if they could be paid by you, which they have not, they would return.

You mention that SatCon sent you a letter dated June 28, 2007 indicating they would not work without payment. We were not made aware of this position SatCon took until we were copy furnished on a similar e-mail message they sent to you on July 20, 2007. In any event, your subcontractors have not been paid, they are not on the jobsite, and work has not progressed to completion.

Based on the forgoing, you are hereby notified, in accordance with Federal Acquisition Regulation 48 CFR Ch. 1, § 52.212-4(m), the above referenced delivery orders are hereby terminated for cause as a result of your failure to continue with performance on the job site, pay your subcontractors monies owed, and keep the job site in a safe and acceptable condition. You are directed to immediately stop all work, terminate subcontracts, and place no further orders. The Government reserves all rights and remedies provided by law or under the contract, in addition to charging excess costs for the terminated completion of the Rotary Uninterruptible Power System (RUPS). This notice of termination constitutes the decision that Baldwin Technologies' failure to perform is not excusable.

This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the U.S. Civilian Board of Contract Appeals, 1800 F St., N.W., Washington, D.C., 20405 and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or

less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Sincerely,

Nancy M. Gertler
Chief, Contracting Branch
Mountain Region Acquisition Division (MRAD)

Attachment

cc:
COTR, Bryan Faktor (NIST 194)
Project Manager, Chris Colburn (NIST 194)
GSA/FAS, Ernie Waugh